UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

MUDRIK MWINYI MAJAALIWA,

                                Defendant.
-----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CR-289 (SLT)

**TOWNES, United States District Judge:**

In 2014, defendant Mudrik Mwinyi Majaaliwa ("Defendant"), a resident alien, was convicted, upon his plea of guilty, of one count of conspiracy to import heroin and was sentenced to 87 months' imprisonment. In accordance with the terms of the Plea Agreement—in which Defendant agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255" if the Court imposed a term of imprisonment of less than 151 months—Defendant did not file a notice of appeal. Accordingly, his judgment of conviction became final in mid-August 2014, 14 days after the judgment was entered. See Fed. R. App. P. 4(b)(1)(A).

Now, years later, Defendant has now filed two motions seeking a sentence reduction. The first of the two motions, filed in March 2017, is entitled a "Motion for Expedited Immigration Departure Pursuant to 8 U.S.C. § 1252(i)." The motion principally relies on three cases—*United States v. Restrepo*, 999 F.2d 640 (2d Cir. 1993), *United States v. Smith*, 27 F.3d 649, 650 (D.C. Cir. 1994), and *United States v. Razo-Nunez*, No. 13-3039, 2014 WL 1979877, at *1 (D.C. Cir. May 16, 2014) (per curiam)—which hold that a sentencing court may downwardly depart from the range indicated by the United States Sentencing Guidelines where the defendant, by virtue of his status as a deportable alien, faces the prospect of objectively more severe prison conditions than he would otherwise. Defendant requests that the Court reduce his sentence by at least six

months in light of the fact that he, as a deportable alien, is "not entitled to community confinement pursuant to 18 U.S.C. § 3624(c)." Motion for Expedited Immigration Departure, p. 1.

The Second Motion, filed in September 2017, is entitled a "Motion of [*sic*] Reduction of Sentence." In that motion, Defendant requests "a reassessment of [his] release date" in light of his accomplishments in prison. Defendant attaches several exhibits which list the courses which he has completed, document the fact that U.S. Immigration and Customs Enforcement has filed a detainer, and note that Defendant has been ruled ineligible for release preparation programs or placement in one of the Bureau of Prison's Community Corrections Centers.

Although the Court is pleased to learn of Defendant's many accomplishments while incarcerated, the Court cannot grant either of his motions. Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" upon the defendant's motion, with two exceptions. First, § 3582(c)(1)(B) permits a court to "modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"—a Rule which permits a court to correct "arithmetical, technical, or other clear error[s]" within 14 days after sentencing or to reduce the sentence of a defendant who has provided "substantial assistance in investigating or prosecuting another person." Second, § 3582(c)(2) permits a modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) ...." There is nothing in Defendant's motions to suggest that either of these exceptions applies in this case.

The authorities cited in Defendant's first motion do not suggest an alternative basis for reducing Defendant's sentence. First, 8 U.S.C. §§ 1252(i) and 1252(c), both of which are cited

in the first motion, were repealed in 1996. *See* Pub. L. 104-208, 110 Stat. 3009, Div. C, Title III, §§ 306(a). Second, *Restrepo*, *Smith* and *Razo-Nunez* each involved a direct appeal of a sentencing court's decision regarding whether to downwardly depart from the Guidelines range in light of the defendant's status as a deportable alien. None of the cases imply that a sentencing court can retroactivity reduce a deportable alien's sentence years after that sentence was imposed.

Even if the Court had the power to reduce Defendant's sentence at this juncture, it would decline to do so. *Restrepo* expressly rejected the very argument that Defendant makes here: that a downward departure from the Guidelines range is appropriate for deportable aliens because they are not entitled to community confinement pursuant to 18 U.S.C. § 3624(c). 999 F.2d at 645 ("Even if it were a steadfast policy of the Bureau [of Prisons] to deny reassignment to relaxed-security facilities to alien prisoners who must be deported on account of their convictions, we would consider that policy an inappropriate basis for departure from the imprisonment range prescribed by the Guidelines.")

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Expedited Immigration Departure Pursuant to 8 U.S.C. § 1252(i) and Motion of [*sic*] Reduction of Sentence are denied.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Court

Dated: October 6, 2017
Brooklyn, New York